BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
BENJAMIN TOLKOFF, NYSB #4294443
Assistant United States Attorney
Benjamin.Tolkoff@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:17-cr-00272-BR |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MALACHI DUNCAN,** | |
| **Defendant.** | |

The United States, by Billy J. Williams, United States Attorney for the District of Oregon, and through Assistant United States Attorney Benjamin Tolkoff hereby files this sentencing memorandum.

Background:

In 2016 and 2017, Malachi Duncan was the intended recipient of two shipments of a synthetic opioid, U-47700. A review of online activity in the same timeframe showed that

...

someone in the Duncan residence was buying punch-dies and other items commonly used to illegally press pills.

On May 11, 2017, the DEA searched Mr. Duncan's residence and found what appeared to be the makings of an illegal pill-pressing laboratory.  Mr. Duncan was present and showed the telltale signs of someone suffering from severe, nearly lethal, opioid addiction.

A follow-on search of all of the electronic devices found in the Duncan residence showed no drug-related communications or any other evidence that Mr. Duncan was selling pills, that he had associates with whom he was conspiring to sell pills, or anything of the kind.

Discussion:

This is an unusual case.  At the outset the government had every reason to believe that Mr. Duncan was illegally manufacturing and distributing pills of synthetic opioids.  Upon further, thorough investigation of Mr. Duncan, it appears that, although he was in the process of setting up a lab to illegally press pills, Duncan never got the lab running.

Mr. Duncan contends that he was going to press pills for personal use.  The government is unpersuaded by that contention.  But the intended use of the pills is beside the point because the government has no evidence that Duncan was able to press any.  Whether the pills would ultimately have been for Duncan's personal use or for distribution is therefore academic.  To the government's knowledge, no pills were ever made.

That sets Mr. Duncan's case aside from many cases in which a defendant is pushing drugs into the community resulting in untold injury or death.  Here, the evidence is equivocal as to whether Mr. Duncan would ultimately have distributed pills, preying upon fellow addicts, or whether he would have merely fed his own addiction.

Because the evidence is equivocal as to Mr. Duncan's ultimate intent, had he been able to successfully manufacture pills, the government makes the following sentencing recommendation.

The government asks this Court to impose a five-year term of probation. If this incident was a function of Mr. Duncan's addiction and he only intended to make pills for personal use, five years – hopefully of sobriety – will long enough for Duncan to demonstrate that. On the other hand, if Mr. Duncan ultimately intended to distribute pills, Mr. Duncan will, over the course of five years, demonstrate that.

<u>Conclusion</u>:

For the stated reasons, the government requests that this Court impose a five-year term of probation.

Dated: December 6, 2018.    Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

/s/ *Benjamin Tolkoff*

BENJAMIN TOLKOFF
Assistant United States Attorney